**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT PATRICK, | No. 15-15567 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00582-GEB-GGH |
| v. | |
| SUSAN L. HUBBARD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted April 12, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

California prisoner Scott Patrick appeals the district court's denial of his writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 and review the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his writ de novo. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). We affirm.

Patrick argues that the supplemental jury instruction lowered the prosecution's burden of proof with respect to force, thereby depriving him of due process. We need not decide whether the instruction violated Patrick's due process rights because we conclude that the California Court of Appeal was not objectively unreasonable in finding that any such error was harmless. *See Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015).

Patrick's daughter, "S", testified that Patrick repeatedly overwhelmed her resistance to his sexual advances by pushing her onto the bed, pulling her back to the bedroom when she ran away, holding her head down to his penis during oral sex, and other similar actions. The state court analyzed prejudice assuming that these events occurred. It then held that Patrick's acts as described by S constituted "force" under the statutes at issue, Cal. Penal Code § 288(b) and § 269. Thus, the court determined that any error in the force instructions was harmless.

We may not review the state court's determination that, assuming S's testimony to be true, Patrick used force as a matter of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Therefore, Patrick suffered no prejudice if it was not objectively unreasonable for the state court to conclude the jury believed

2

S's testimony. We conclude that it was not only not unreasonable, but virtually certain that the jury did so.

As the court noted, Patrick came close to conceding in his state appellate brief that he had used the kind of force to which S testified: "If the jury believed [S] at all, it had to conclude that what happened to her was 'real' and that appellant had pushed her on the bed, pulled her into the room and held her head down to his penis . . . . Obviously, the acts occurred and were 'real.'" The record makes it clear that the jury believed S. For example, Patrick argued that she had exaggerated the number of acts and that the jury should not convict him on all fifty-four counts. The jury, however, was convinced by her testimony and found him guilty on all charges. Likewise, the trial judge noted at sentencing: "This child described fighting with Dr. Patrick and trying to prevent him doing what he did to her, and she was unable to overcome him, and that testimony was true. The Court believed it. The jury believed it." Indeed, before us, Patrick does not argue that it was unreasonable for the Court of Appeal to evaluate prejudice on the assumption that Patrick had used the kind of force described above.[1] Under these circumstances,

_____

[1] In light of our conclusion we need not consider whether duress constitutes a separate basis for affirming the district court.

3

the Court of Appeal's holding that the alleged jury instruction error was not prejudicial was not unreasonable. *See Davis,* 135 S. Ct. at 2198–99.[2]

**AFFIRMED.**

---

[2]For the same reason we conclude that any error also does not satisfy the standard of *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).